DECISION
After a jury trial, Michael Leedy was convicted of theft in office, in violation of R.C. 2921.41(A)(2). In seven assignments of error, Leedy challenges (1) the sufficiency of the evidence, (2) the weight of the evidence, (3) the trial court's denial of his Crim.R. 29(A) motion, (4) the trial court's entry of a judgment of conviction despite prosecutorial misconduct, (5) the trial court's admission into evidence of a tape recording from an administrative hearing, (6) the trial court's exclusion from evidence of a similar employee dispute, and (7) the effectiveness of his trial counsel.
Leedy was employed by Hamilton County in its facilities department for over twelve years. On August 20, 1998, after a three-year leave, Leedy returned to work for the county. Leedy was scheduled to work weekdays from 3:00 p.m. to 11:00 p.m. Leedy worked on Thursday, August 20 and Friday, August 21, 1998, but called in sick every weekday from August 24 through September 21, 1998. Although Leedy called in sick to his county job, during that same time, he actually worked as an employee of DCT, a local company, doing the same kind of work.
Leedy did not submit an employee time sheet or a request for leave. When presented with an employee who was still out sick at the time a paycheck was to be issued, the county's practice was to pay the employee for the sick time based on the employee's telephone calls stating that he was sick. The county then would have the employee complete the forms upon his return from sick leave.
On September 1, 1998, Jack Middendorf, the director of county facilities, notified Leedy that he would have to substantiate his sick leave with a doctor's certification, in accordance with the collective-bargaining agreement between Leedy's union and the county. On September 9, 1998, Middendorf sent Leedy a paycheck and a letter stating that the paycheck was "for the two days you worked and the eight days you claimed (via phone calls) as sick days that were eligible for compensation." Leedy cashed the $1,005.33 paycheck on September 18, 1998. When Leedy failed to provide the necessary documentation, the county terminated his employment. Leedy's indictment for theft in office followed.
Leedy's first three assignments of error challenge the weight and sufficiency of the evidence, as well as the trial court's denial of his Crim.R. 29(A) motion for a judgment of acquittal. We address these assignments of error collectively.
In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether the evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the appellant was guilty beyond a reasonable doubt. See State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. When reviewing a challenge to the trial court's denial of a Crim.R. 29 motion, an appellate court is required to determine whether the evidence "[wa]s such that reasonable minds [could] reach different conclusions" as to whether the state had proved each material element of the offense beyond a reasonable doubt. See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus. On the other hand, when reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. See State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720.
A person can be convicted of theft in office if, while serving as a public official, he commits any theft offense involving property or services owned by the government. See R.C. 2921.41(A)(2). The predicate theft offense in this case was deprivation of county money by knowingly obtaining or exerting control over that money without consent. See R.C. 2913.02(A)(1).
Leedy contends that the state failed to prove that he knowingly obtained the county's money with a purpose to deprive the county of the money. A person acts with purpose "when it is his specific intention to cause a certain result." R.C.2901.22(A). "Knowingly" is defined as the awareness by a person "that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Where "the mental state of an accused is an essential element of the offense, it is generally the case that the prosecution must rely upon circumstantial evidence to sustain its burden of proof at trial." State v. Kidd (Jan. 5, 1983), Hamilton App. No. C-820093, unreported.
The evidence demonstrated that while Leedy called in sick to his county job, he worked at the DCT job in a similar capacity during the same shifts. Leedy failed to provide a doctor's certification of his sickness to the county. Leedy was specifically notified that the paycheck he received consisted of pay for eight sick days, and that it was issued as a result of Leedy's telephone calls indicating that he was too sick to work. Finally, Leedy obtained control over the money by signing and cashing his paycheck.
We hold that the evidence demonstrated that Leedy's specific intention was to deprive Hamilton County of its money, and that he knowingly acted with the awareness that his conduct in cashing the paycheck would result in his control over the proceeds from sick time for which he would not have been compensated but for his inappropriate actions. Further, we conclude that the evidence presented was sufficient to demonstrate theft in office and that the trial court did not err in denying Leedy's Crim.R. 29 motion for acquittal. Leedy's first and third assignments are overruled.
Reviewing the record in light of Leedy's weight-of-the-evidence challenge, we conclude that the trier of fact did not lose its way in resolving conflicts in the evidence and create a manifest miscarriage of justice. Leedy's second assignment is overruled.
In his fourth assignment of error, Leedy argues that the trial court erred in entering a judgment of conviction despite prosecutorial misconduct. The test for prosecutorial misconduct is whether the conduct complained of deprived the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24,514 N.E.2d 394, 400; State v. Fears (1999), 86 Ohio St.3d 329, 332,715 N.E.2d 136, 143. Because defense counsel did not object to any of the allegedly improper remarks, we analyze the assignment of error under the plain-error doctrine, since "[a] claim of error in a criminal case can not be predicated upon the improper remarks of counsel during his argument at trial, which were not objected to, unless such remarks serve to deny the defendant a fair trial." State v. Wade (1978), 53 Ohio St.2d 182, 373 N.E.2d 1244, paragraph one of the syllabus; Fears, supra, at 332,715 N.E.2d at 143. Reversal under the plain-error doctrine requires a showing that "but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph two of the syllabus.
Leedy claims that several comments made by the prosecutor in final argument appealed to the financial interests of the jurors as taxpayers:
 Of course, Hamilton County is paying, why not. Well, Hamilton County is you and I, ladies and gentlemen
* * *
 [I]t's taxpayer money, and the last thing taxpayers ever want to hear about is that you abused the system.
* * *
The money I work for, the money each and every Hamilton County resident works for, goes to pay salaries like this. I'm not working to give him money while he's working another job. Talk about double-dipping. It's exactly what double-dipping is, ladies and gentlemen. Collecting sick pay from one job while you're working another job. We all know how wrong that is.
We must examine the comments in the context of the arguments as a whole. See State v. Moritz (1980), 63 Ohio St.2d 150, 157,407 N.E.2d 1268, 1273. We cannot say that the prosecutor's references to county residents as taxpayers were prejudicial or that the comments deprived Leedy of a fair trial. The jurors already knew Leedy was a county employee and that county funds paid his salary. The prosecutor's comments only served to link the obvious — that tax dollars paid Leedy's salary. Only the phrase "I'm not working to give him money while he's working another job" could be construed as improper; however, this one comment when taken in context did not deprive Leedy of a fair trial, nor did it affect the outcome of the trial. See State v. Moritz (1980), 63 Ohio St.2d 150,157, 407 N.E.2d 1268, 1273; see, also, State v. Fears
(1999), 86 Ohio St.3d 329, 334, 715 N.E.2d 136, 144. Leedy's fourth assignment of error is overruled.
In his fifth assignment of error, Leedy argues that the trial court erred by admitting into evidence a tape recording of an administrative hearing. However, Leedy waived his right to complain about the admission of the tape when he stipulated to its admission at trial. Leedy's fifth assignment of error is overruled.
In his sixth assignment of error, Leedy contends that the trial court erred by excluding evidence of the manner in which the county resolved a different employee situation. During the trial, Leedy's counsel attempted to cross-examine state witnesses about the other situation, but the trial court sustained the state's objections to these questions.
Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. Evidence that is not relevant is not admissible. Evid.R. 402. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. Unless the trial court "has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere." State v. Maurer (1984), 15 Ohio St.3d 239, 265,473 N.E.2d 768, 791, quoting State v. Hymore (1967), 9 Ohio St.2d 122,128, 224 N.E.2d 126, 130. The term "abuse of discretion" connotes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144, 149. In this case, where the evidence regarding the second employee concerned a collateral matter, we cannot say that the trial court abused its discretion in excluding it. The sixth assignment of error is overruled.
In his seventh assignment of error, Leedy claims that he was denied the effective assistance of counsel. A reversal based upon a claim of ineffective assistance of counsel requires that the defendant show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. The burden of proving ineffectiveness is on the defendant. See State v. Smith
(1985), 17 Ohio St.3d 98, 100, 477 N.E.2d 1128, 1131. Moreover, the defendant faces a strong presumption in favor of effective assistance. As we held in State v. Burns (Mar. 19, 1999), Hamilton App. No. C-980481, unreported, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."
Leedy claims that counsel's performance was deficient because counsel failed to object to the prosecutorial misconduct during closing argument. However, because we have already held that the prosecutor's comments were not prejudicial in the context of the entire argument, we cannot say that counsel was ineffective in failing to object.
Leedy also claims that counsel should not have stipulated to the admissibility of the tape recording of the administrative hearing, because it was inadmissible under State v. Black (1991),78 Ohio App.3d 130, 604 N.E.2d 171. In Black, we held that it was error for a trial court to admit evidence that the defendant was dismissed from employment after an administrative hearing. However, unlike Black, the tape recording in this case did not establish the result of the administrative hearing. The hearing was conducted to determine whether Leedy was absent without leave due to his failure to provide medical documentation for his claimed sickness. The tape recording was merely cumulative of evidence presented through other witnesses at trial. Furthermore, it may well have been counsel's trial strategy for the jury to hear Leedy's repeated protestations in the hearing that he had been attempting to comply with the requirement that he obtain medical verification.
Leedy also argues that counsel was ineffective in failing to move to strike from the tape certain hearsay statements attributed to a county physician who examined Leedy. On the tape, one of the hearing officers made reference to the physician's statement that Leedy was not too sick to work. However, where the state presented overwhelming evidence that Leedy was working another job in a similar capacity at the same time he was calling in sick to his county job, we cannot say that Leedy was prejudiced by the hearsay statement.
Leedy further claims that counsel was ineffective because counsel asked one of the state's witnesses about the result of the administrative hearing, thus allowing the witness to testify that Leedy's dismissal was upheld. Unlike Black, supra, this hearing was not prompted by the criminal charges brought against Leedy, and the hearing was not held to determine whether Leedy had committed the offense of theft. The hearing was held after Leedy's employment had already been terminated, its purpose being to determine whether Leedy had complied with his obligations under the collective-bargaining agreement to provide medical verification of his illness. Therefore, guilt could not be inferred from the finding of the administrative body.
Leedy finally claims that counsel was ineffective in failing to proffer the evidence sought to be introduced through cross-examination of the state's witnesses with respect to the county's handling of another employee situation. However, an offer of proof is not necessary if evidence is excluded during cross-examination. Evid.R. 103(A)(2).
We hold that Leedy was not denied the effective assistance of counsel, where there was no demonstration that counsel's performance was deficient or that prejudice arose from the challenged performance. Leedy's seventh assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 GORMAN, P.J., SUNDERMANN and WINKLER, JJ.